Yongmoon Kim
Email: ykim@kimlf.com
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff and those similarly situated*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JEREMIAH J. TEAHAN, *on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Civil Action No.<br><br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Jeremiah J. Teahan, individually and on behalf of all others similarly situated, by way of Class Action Complaint against Defendant, Portfolio Recovery Associates, LLC, says:

### I.   NATURE OF THE ACTION

1. This class action for damages arises from the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

### II.   JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendant regularly does business in this district.

### III.   PARTIES

4.     Plaintiff Jeremiah J. Teahan ("Plaintiff") is a natural person residing in Bergen County, New Jersey.

5.     Defendant Portfolio Recovery Associates, LLC ("Defendant" or "PRA") is a debt collector located at 120 Corporate Boulevard, Norfolk, Virginia 23502, who purchases defaulted consumer debts for pennies on the dollar.

### IV.   FACTS

A. **Background**

6.     Defendant is not in the business of extending credit, selling goods or services to consumers.

7.     Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

8.     Defendant is in the business of collecting defaulted debts or alleged debts of natural persons.

9.     When attempting to collect debts, Defendant uses the mails, telephone, the internet and other instruments of interstate commerce.

10.    Defendant is a litigious debt-buyer who purchases defaulted consumer accounts for pennies on the dollar, who then seeks to recover the full value of those unpaid accounts.

11.    In connection with PRA's efforts to collect consumer debts, PRA routinely hires collection attorneys to send dunning letters to consumers and to file lawsuits in an effort to collect the consumer debts.

12. In fact, PRA has its own "litigation department" where it employs attorneys licensed in the State of New Jersey as in-house counsel to file suit against New Jersey consumers.

13. PRA also hires collection attorneys and/or law firms in the State of New Jersey to file lawsuits against New Jersey consumers in efforts to collect the consumer debts.

**B. The HSBC Account**

14. PRA has asserted that Plaintiff incurred or owed a certain financial obligation arising from an account originating from HSBC Bank Nevada N.A. ("HSBC Debt" or "HSBC Account").

15. The HSBC Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

16. PRA contends that the HSBC Account was past-due and in default.

17. The HSBC Account was past-due and in default when they were purchased by PRA for pennies on the dollar.

18. Due to unforeseen financial circumstances, Plaintiff defaulted on the HSBC Account sometime in September 2009.

19. Upon default, a cause of action to enforce the HSBC Debt accrued.

20. PRA later allegedly purchased a pool of defaulted consumer accounts, including Plaintiff's HSBC Account, for pennies on the dollar.

21. In an attempt to collect the HSBC Debt, PRA mailed a collection letter to Plaintiff on or about August 2, 2017 (the "PRA Letter"). A true but redacted copy of the PRA Letter is attached as *Exhibit A*.

22. Plaintiff received and reviewed the PRA Letter.

23. When PRA sent the PRA Letter, the statute of limitations had run on the HSBC Account.

24. The PRA Letter offered several payment options on the HSBC Account.

25. The PRA Letter also states: "The law limits how long you can be sued on a debt and how long a debt can appear on your credit report. Due to the age of this debt, we will not sue you for it or report payment or non-payment of it to a credit bureau."

26. PRA regularly sends collection letters attempting to collection and/or offering to settle debts on which the statute of limitations has expired.

27. The PRA Letter fails to disclose that choosing to accept any of PRA's offers to make multiple payments could reset or restart the applicable statute of limitations or create a new enforceable settlement or contract.

28. The PRA Letter fails to disclose that should the applicable statute of limitations reset or begin again, PRA or a subsequent assignee may have the right to commence legal action, which otherwise would have been barred.

29. PRA fails to clearly inform Plaintiff, and the least sophisticated consumer, that the applicable statute of limitations has expired and therefore any potential legal liability related to the time-barred debt has also already expired.

30. The PRA Letter advises that PRA will not sue on the debt but does not advise whether PRA or a subsequent assignee could or would sue on a defaulted monthly payment option.

31. PRA regularly collects or attempts to collect debts which are time-barred.

32. PRA regularly sends collection letters seeking to collect time-barred debts that offer monthly payment plans.

33. PRA regularly sends collection letters seeking to collect time-barred debts that offer monthly payment plans but does not inform the consumer that the applicable statute of limitations could reset or begin again upon making the first monthly payment or by entering into a settlement agreement to repay.

34. PRA regularly sends letters seeking to collect time-barred debts that offer monthly payment plans but does not inform the consumer that the applicable statute of limitations could reset or begin again, which could allow the current or subsequent assignee the option of commencing legal action to enforce the new settlement agreement when the underlying debt would otherwise be barred by the applicable statute of limitations.

35. The Federal Trade Commission has found that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." The FTC entered into a consent decree with Asset Acceptance, LLC, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations.[1]

36. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility and has been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three

---

[1] Press Release, Federal Trade Commission, Under FTC Settlement, Debt Buyer Agrees to Pay $2.5 Million for Alleged Consumer Deception (Jan. 30, 2012), http://www.ftc.gov/news-events/press-releases/2012/01/under-ftc-settlement-debt-buyer-agrees-pay-25-million-alleged (For the Consent Decree wherein Asset Acceptance promises to stop filing time-barred suits, see http://www.ftc.gov/enforcement/cases-proceedings/052-3133/asset-acceptance-llc).

American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations . . ." (2012-CFPB-0002, p. 6 of 35, 2012-CFPB-0003, p. 5 of 28).

37. The October 1, 2012 orders further require disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." (2012-CFPB-0002, p. 7 of 35, 2012-CFPB-0003, p. 6 of 28). Thus, they recognize that collection letters that fail to disclose material information may be misleading.

38. On January 30, 2013, the FTC issued its report, The Structure and Practices of the Debt Buying Industry, available at http://www.ftc.gov/os/2013/01/debtbuyingreport.pdf. The report reaffirms its position in the United States of America v. Asset Acceptance, LLC, No. 8:12-cv-182-T-27EAJ (M.D. Fla. 2012), American Express Centurion Bank (FDIC-12-315b, FDIC-12-316k, 2012-CFPB-0002), American Express Bank, FSB (2012-CFPB-0003) and American Express Travel Company, Inc. (2012-CFPB-0004) cases, that a defendant may violate the FDCPA by sending a collection letter demanding payment of a time barred debt without disclosing that the debt was time barred.

39. The report cites to a study (Timothy E. Goldsmith & Natalie Martin, Testing Materiality Under the Unfair Practices Acts: What Information Matters When Collecting Time-Barred Debts?, 64 Consumer Fin. L.Q. Rep. 372 (2010)) that establishes the disclosure that a debt is time barred in a debt collection letter is material to the consumer.

40. Nothing in PRA's letters disclosed that the debt is legally unenforceable in a court of law.

41. Nothing in PRA's letters disclosed the legal consequences of a settlement or entering into a payment plan.

42. Nothing in PRA's letters disclosed that a settlement or entering into a payment plan would restart the statute of limitations.

43. It is PRA's policy and practice to send collection letters in an attempt to collect time-barred consumer debts that do not disclose the legal consequences of a payment or settlement.

44. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings" in order to have the least sophisticated consumer make payments on an otherwise unenforceable debt.

45. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings" in order to have the least sophisticated consumer restart or begin the statute of limitation by entering into a new agreement or settlement.

46. In fact, PRA's representations of savings are false as the debts are unenforceable in a court of law. Such savings do not exist as Plaintiff would have a complete statute of limitations defense to the debts.

47. Such practice is a deceptive collection ploy used to entice a least sophisticated consumer with "savings" in order to have the least sophisticated consumer make a payment or enter into a new agreement that would restart the statute of limitations, when in fact such "savings" are nonexistent and false.

48. PRA engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending letters which attempted to *settle*

time-barred debts without disclosing the legal consequences thereof, and which falsely represents the benefits of the offers/options/plans.

## V.   CLASS ACTION ALLEGATIONS

49. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

50. Subject to discovery and further investigation which may cause Plaintiff to expand, restrict or modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a class initially defined as follows:

> **The Class**: All natural persons with an address within in the State of New Jersey to whom, from August 2, 2017, through the final resolution of this case, Portfolio Recovery Associates, LLC, sent one or more letter(s) in the same or similar form as the letters attached as Exhibit A, which debt arose from a HSBC credit card, on which the applicable statute of limitations had expired prior to the date of the letter.

51. Plaintiff seeks to recover statutory damages, actual damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

52. The class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

53. There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

> A.   Whether Defendant is a debt collector under the FDCPA;
>
> B.   Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f;
>
> C.   Whether Plaintiff and the class are entitled to statutory damages;
>
> D.   Whether Plaintiff and the class are entitled to actual damages, including all amounts paid on time-barred debts.

54. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

55. Plaintiff's claims are typical of the claims of the members of the class.

56. The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

57. Plaintiff does not have interests antagonistic to those of the class.

58. The class, of which Plaintiff is a member, are readily identifiable.

59. Plaintiff will fairly and adequately protect the interests of the class and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions and other complex litigation, and claims of the type asserted in this action.

60. The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

61. Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.   FIRST COUNT: VIOLATIONS OF THE FDCPA

62.   Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

63.   Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

64.   The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

65.   Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the interpretations thereof.

66.   The PRA Letter, a copy of which appear as Exhibit A, is a "communication" as defined by 15 U.S.C. § 1692a(2).

67.   By sending the collection letters in the same or similar form as Exhibit A, Defendant violated sections 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10) and 1692f of the FDCPA.

68.   The violations of the FDCPA described herein constitute *per se* violations.

69.   Based on any one or more of those violations, Defendant is liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jeremiah J. Teahan, on behalf of himself and others similarly situated, demands judgment against Defendant, Portfolio Recovery Associates, LLC as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For statutory damages in favor of the class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D. For actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F. For pre-judgment and post-judgment interest; and

G. For such other and further relief as the Court deems equitable and just.

## VIII. JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX. CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding except the matters styled:

KIM LAW FIRM LLC

*s/ Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff on behalf of himself and those similarly situated*

Dated: August 2, 2018